Green, J.
delivered the opinion of the court.
This is a bill for a discovery of evidence to be used in a suit at law between the parties.
The complainant in his original and two amended bills, alleges that in May, 1832, he entered into articles of copart-nership for five years with the defendant, in the mercantile business at Bean’s Station, and that said original agreement *29 was placed In tbe hands of one McKnight, who has removed to Illinois, and taken said articles with him; that the mercantile business was carried on in a house belonging' to complainant, which house the defendant has continued to •occupy since the dissolution of the partnership, and for the use and occupation of which the complainant has sued the 'defendant at law; and that he cannot sueceed in said action without proof of the facts contained in said partnership agreement. He states, that he had filed another bill against the defendant, to close and settle the partnership business, in which suit a copy of said articles of agreement was used as evidence. He has endeavored to ascertain the residence of McKnight, so that he might be able to take his deposition but without success. He wrote to the post master in Illinois, and to the Sheriff of the county where McKnight had lived, but could only learn that he had moved to parts unknown. He has inquired of travellers, and has requested travellers to make inquiry, and give hian information, but he has been unable to hear anything of the residence of McKnight. The facts in said article «of ■copartnership, he is unable to prove, but by a discovery •from the defendant, and without proof of these facts he is «unable to succeed in his said suit. • To this bill the «defendant •demurred, and the Chancellor allowed the demurrer. We ■think there is no error in this decree.
1. It does not appear but that the evidence of McKnight ¡might have been procured had sufficient diligence been ■employed to obtain it. The bill discloses tbe employment ■of no effort on the part of the complainant, which was calculated to obtain the information he sought: he had written to the Sheriff and post-master, and he had requested travellers to inquire. He does not say he has received any «communication either from the Sheriff, past-master, or trav- *30 ellers: he only says, “the only information he can get is, that McKnight has removed to parts unknown.”
We think such applications to persons from whom such slight expectation of information could have been entertained; persons having no interest to attend to the complainant’s request; who were not likely to interest themselves in the matter, and if they had done so, would, probably, have no knowledge of the man; constitute no such diligent inquiry for the witness, as would authorize the complainant to have a discovery from the defendant.
2. But the bill does not allege that the fact, material to trial at law, which would be established by said article, cannot be proved by other evidence; and this allegation is essential to entitle him to the' discovery sought. 10 Pet. Rep. 502; 2 Paigé’s Rep. 599.
The statement is, that he has no means of proving the existence and contents of the said article, but by the discovery he seeks. This may be true, and yet the fact, material in his present suit, that would be established by the article in question, may be proved as well by other evidence.
It is manifest from the statements of the bill, that the period at which the partnership expired, is the only material fact in this suit, that the article would establish; and the bill itself discloses, that in another bill against the defendant this partnership has been settled, and a copy of this article of partnership was used as evidence, without objection. We do not perceive, therefore, any reason why this fact may not be proved as well by the record of th e other suit, as it could be by the production of the article in question.
Upon both these grounds, therefore, we think the demurrer was properly allowed.
Affirm the decree.